UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

LEE OSKAR LEVITIN /p/k/a LEE OSKAR,
as an individual and d/b/a IKKE-BAD
MUSIC; GREG ERRICO, as an individual
and d/b/a RADIO ACTIVE MATERIAL
PUBLISHING COMPANY; and KERI
OSKAR, an individual,

        *Plaintiffs,*

  -*against*-

SONY MUSIC ENTERTAINMENT, a
wholly-owned subsidiary of SONY
CORPORATION OF AMERICA, a New
York corporation; MR. 305, INC., a Florida
corporation; POLO GROUNDS MUSIC,
INC., a New York corporation; SONY
MUSIC ENTERTAINMENT CANADA
INC., a Canadian corporation; SONY MUSIC
ENTERTAINMENT UK, a British entity of
unknown form; SONY MUSIC
ENTERTAINMENT GERMANY GMBH, a
German limited liability company; SONY
MUSIC ENTERTAINMENT AUSTRALIA,
LTD., an Australian limited company; SONY
MUSIC ENTERTAINMENT ITALY, S.P.A.,
an Italian corporation; SONY MUSIC
ENTERTAINMENT MEXICO S.A. DE C.V.,
a Mexican corporation; SONY MUSIC
EINTERTAINMENT ESPAÑA, S.L., a
Spanish limited liability company; SONY
MUSIC ENTERTAINMENT KOREA INC., a
South Korean corporation; and SONY MUSIC
ENTERTAINMENT FRANCE, a French
entity of unknown form,

        *Defendants.*

-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-22-15

14 Civ. 4461 (PAC)

**OPINION & ORDER**

The facts of this case are fully set forth in *Levitin v. Sony Music Entertainment*, 2015 WL 1849900 (S.D.N.Y. Apr. 22, 2015), which dismissed Plaintiffs' claims against Domestic Defendants under the U.S. Copyright Act, but denied Affiliate Defendants' motion to dismiss. On the basis of the dismissal of the claims against them, Domestic Defendants now seek attorneys' fees from Plaintiffs[1] as the prevailing party in a copyright action under 17 U.S.C. § 505. The motion is denied.

## DISCUSSION

### I. Applicable Law

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Such fees "are available to prevailing parties . . . but are not automatic." *Medforms, Inc. v. Healthcare Mgmt. Sols., Inc.*, 290 F.3d 98, 117 (2d Cir. 2002). In determining whether attorneys' fees are warranted, the Court considers, *inter alia*, "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy*, 510 U.S. 517, 534 n.19 (1994) (citation and internal quotation marks omitted). Objective unreasonableness is "given substantial weight in determining whether an award of attorneys' fees is warranted," *Matthew Bender & Co., Inc. v. West Publ'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001), and a copyright claim is "objectively unreasonable when the claim is clearly without merit or otherwise patently devoid of legal or factual basis," *Porto v. Guirgis*, 659 F. Supp. 2d 597, 617

---

[1] The parties agree that Domestic Defendants may not seek attorneys' fees from Plaintiff Keri Oskar, because she did not join in the claim against Domestic Defendants. Pl. Mem. at 4-5; Reply at 1 n.1. References to Plaintiffs refer to Levitin and Errico.

(S.D.N.Y. 2009) (citation and internal quotation marks omitted). Once the Court determines whether attorneys' fees are merited, the Court assesses a "reasonable" amount of fees. *Muller v. Twentieth Century Fox Film Corp.*, 2011 WL 3678712, at *2 (S.D.N.Y. Aug. 22, 2011).

## II.   Analysis

Domestic Defendants argue that they are entitled to attorneys' fees because they prevailed on their motion to dismiss and because Plaintiffs' claim with respect to the predicate act doctrine was objectively unreasonable. Domestic Defendants assert that Plaintiffs relied on outdated case law and should have known that Domestic Defendants could not be held liable for infringement; they characterize the case as "not a close call." Def. Mem. at 5-8. They suggest that awarding attorneys' fees would further the Copyright Act's goals of compensation and deterrence. *Id.* at 8-11. Domestic Defendants suggest no other reason for granting attorneys' fees.

Domestic Defendants' motion fails because Plaintiffs' claim was not objectively unreasonable and the case was, in fact, a close call. *See, e.g., Pearson Educ., Inc. v. Liu*, 2013 WL 6916883, at *3 (S.D.N.Y. Dec. 27, 2013) ("[W]hile defendant is correct that plaintiffs' position was ultimately untenable, it is not the case that it was objectively unreasonable from the outset."). Plaintiffs' complaint listed numerous acts on the part of Domestic Defendants, and the Court could conceivably have determined that one of these acts constituted a predicate act in violation of the U.S. Copyright Act. It was not objectively unreasonable for Plaintiffs to seek such a ruling. The determination here of what constitutes an act of infringement in the U.S. that permits further reproduction abroad was not so obvious or straightforward as to render Plaintiffs' attempts to classify Domestic Defendants' actions as such objectively unreasonable. That the Court relied on a principle that has been "generally accepted" by other courts does not mean it

3

was unreasonable for Plaintiffs to urge the Court to adopt the opposite reasoning. Likewise, it was reasonable for Plaintiffs to rely on case law that the Court ultimately "decline[d] to adopt." *Levitin*, 2015 WL 1849900, at *5.

Moreover, an award of attorneys' fees here would not serve the Copyright Act's underlying policies. This is a complicated case in many respects, and Plaintiffs' suit served to further define the contours of the predicate act doctrine. Case law addressing this issue is neither recent nor plentiful, and Plaintiffs' suit served a valuable purpose in requiring the Court to determine and articulate the boundaries of the predicate act doctrine, particularly as it applies in today's digital world. *See, e.g., Matthew Bender*, 240 F.3d at 122 ("When close infringement cases are litigated, copyright law benefits from the resulting clarification of the doctrine's boundaries. But because novel cases require a plaintiff to sue in the first place, the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff, who, in a particular case, may have advanced a reasonable, albeit unsuccessful, claim.") (quoting *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 75 (1st Cir. 1998)).

## CONCLUSION

For the foregoing reasons, Domestic Defendants' motion for attorneys' fees is denied.

Dated: New York, New York  
September 22, 2015

SO ORDERED

*Paul Crotty*  
PAUL A. CROTTY  
United States District Judge

4